IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                           CRIMINAL ACTION NO. 2:24-cr-00118

TIWAN ROBERT BAILEY
CARRIE ROY
DAVID LEE WHITE

**MEMORANDUM OPINION & ORDER**

Pending before the court are motions by Defendant Tiwan Bailey, [ECF Nos. 135, 136]; Defendant Carrie Roy, [ECF No. 134]; Defendant David White, [ECF Nos. 138–140]; and the United States, [ECF No. 141]. For the reasons that follow, Defendant Roy's Motion to Continue, [ECF No. 134], is **DENIED**; Defendant Bailey's Motion to Exclude, [ECF No. 135], is **DENIED**.

I. **MOTION TO CONTINUE**

This case began with an indictment on July 23, 2024, [ECF No. 1]. But by October 16, 2024, the Third Superseding Indictment (and operative charging document) was filed. [ECF No. 22]. On November 13, 2024, Defendants White and Roy initially appeared in front of Magistrate Judge Tinsley, [ECF Nos. 40–41], meanwhile Defendant Bailey was not yet located. On January 29, 2025, Defendant Bailey was arraigned and detained in front of Judge Tinsley. [ECF No. 89]. At that time, trial was set for March 18, 2025.

The first Motion to Continue came from Defendant Bailey, [ECF No. 100], and the court granted that motion. [ECF No. 102]. Trial was reset for June 24, 2025. The second Motion to Continue came from Defendant Bailey as well—now on his second attorney. [ECF No. 118]. The court granted that motion, and trial was reset for September 23, 2025. [ECF No. 124]. Defendant

Bailey retained a third new attorney, current counsel, on June 9, 2025. [ECF No. 126].[1]

Now, the court is considering a third motion to continue, this time filed by Defendant Roy. [ECF No. 134]. Defendant Roy asks this court to continue the trial in this case from September 23, 2025, to a date 60 to 90 days from now because on August 14, 2025, the United States filed an expert witness disclosure. *Id.* She asserts that additional time is needed for trial preparation to "(1) properly analyze the expert witness disclosures; (2) determine whether an expert will be required to testify at trial or to assist counsel with cross-examination; and (3) if an expert is necessary additional time will be required to find and retain one." *Id.* at 2. The United States does not object to a continuance. [ECF No. 144].

The other Defendants, however, oppose a continuance. Defendant Bailey, noting that the case has been pending since July 23, 2024, states that he "is prepared for trial and any further delay could result in prejudice to his ability to defend the charges contained in the Third Superseding Indictment." [ECF No. 143]. Defendant White objects to a continuance—not on any specific grounds—as he has throughout the pendency of this case. [ECF No. 145]; *see also* [ECF Nos. 79, 101] (his previous objections to a continuance).

Based on this case's history, it is clear to me that the pending motion to continue will not be the last. With each one, the public's interest in—and the Defendants' statutory guarantee of—a speedy trial is harmed. *See* 18 U.S.C. § 3161. Counsel may certainly *want* more time, but this case has been pending for a sufficient amount of time that counsel can be adequately prepared. This is true for multiple reasons.

First, counsel for Defendant Carrie Roy was appointed at the beginning of this case and has represented her since at least November 13, 2024. [ECF No. 41] (Defendant's initial

---

[1] Despite this recent retention of counsel, Defendant Bailey asserts that he is "prepared for trial and any further delay" would prejudice him. [ECF No. 143].

2

appearance). The same is true of Defendant White. [ECF No. 40] (Defendant White's initial appearance). The only counsel to change has been counsel for Defendant Bailey who, despite this, is ready for trial. Surely enough time has elapsed for all parties to prepare for trial.

Second, the United States's disclosure of an expert on August 14, 2025, provides the parties sufficient time to prepare counter-experts and cross-examinations. The disclosure is 40 days before trial. This is enough time for the Defendants to adequately prepare.[2]

Lastly, the United States's use of an expert is not entirely surprising. The present matter is a three-defendant, six-count case that alleges sex trafficking. The United States represents that its expert will testify to the "characteristics of traffickers and victims and common methods of coercion in sex trafficking cases." [ECF No. 142, at 2]. This appears to go to the substance of the charges, and its use is anything but surprising.

Therefore, the Motion to Continue, [ECF No. 134], is **DENIED**.

## II.   MOTION TO EXCLUDE

Defendant Bailey seeks a far more drastic solution to the Government's timely disclosure of its expert—exclusion of the expert herself. [ECF No. 135]. The motion is unclear at best and contradictory at worst. In a single page motion, Defendant Bailey argues that he "will not have

---

[2] Neither the Federal Rules of Criminal Procedure, the local rules of this district, nor an order from this court sets a date for expert disclosures. But other courts have set deadlines that are less than 40 days. *United States v. Holt*, No. 23-cr-155 (SRN/TNL), 2024 WL 139591, at *1 (D. Minn. Jan. 12, 2024) (Under the court's arraignment order, the parties must "make all expert disclosures no later than 28 days before trial and make all rebuttal expert disclosures no later than 14 days before trial."); *United States v. Blankenship*, No. 3:14-CR-124, 2015 WL 4561458, at *7 (E.D. Tenn. July 29, 2015) ("[E]xpert disclosures are typically provided three weeks before trial" under that court's Order on Discovery and Scheduling.); *United States v. Deskins*, No. 1:11-cr-418, 2012 WL 12903131, at *1 (E.D. Va. Jan. 9, 2012) (Both the government and the defendant must disclose "no later than ten business days before trial, a written summary of [expert] testimony" they intend to use.). Compare that with examples where the Government's disclosure was patently untimely. *See, e.g.*, *United States v. Bresil*, 767 F.3d 124, 127 (1st Cir. 2014) ("The government's notice was plainly untimely because it is unreasonable to expect a defense attorney in the midst of trial preparation to drop everything and try to obtain an expert five days before trial."); *United States v. Martinez*, 657 F.3d 811, 816 (9th Cir. 2011) (The Government's expert disclosure was untimely five days before trial, but the district court did not err in denying a motion to continue because the expert did not testify for a month into the trial.); *United States v. Carothers*, No. 3:20-cr-31, 2024 WL 4528494, at *2 (W.D. Penn. Oct. 18, 2024) (In the Third Circuit, expert disclosure by the government three days before trial is insufficient notice and grounds for exclusion of the evidence.).

sufficient time to prepare for cross-examination of said expert or retain his own expert to rebut the opinions of the Government's expert" prior to the trial date. [ECF No. 135]. After that motion, however, he opposed Defendant Roy's Motion to Continue, stating that "Defendant is prepared for trial and any further delay could result in prejudice." [ECF No. 143].

Excluding the Government's expert, disclosed 40 days before trial, is a drastic and unnecessary solution to a problem that does not exist. For the reasons I have already considered, 40 days is sufficient to prepare for trial.[3] Therefore, Defendant Bailey's Motion to Exclude, [ECF No. 135], is **DENIED**.

### III. CONCLUSION

For the reasons already stated, Defendant Roy's Motion to Continue, [ECF No. 134], and Defendant Bailey's Motion to Exclude, [ECF No. 135], are **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendants and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     August 29, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] The time sufficient to prepare a defense against the expert is the only ground upon which Defendant Bailey moves to exclude the expert report, [ECF No. 135]. Therefore, the denial of his motion is based only on his argument, not on the underlying merits or substance of the expert report and its use at trial.

4